Keith V. MURRAY, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 54475, 54476.

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

State's Motions for Rehearing
Denied Nov. 2, 1977.

Mark M. Cleaves, San Antonio, for appellant.

Ted Butler, Dist. Atty., and Gordon V. Armstrong, Sharon S. Macrae and Douglas C. Young, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

These are appeals from two convictions for aggravated robbery. In both cases appellant pleaded guilty before the court, which subsequently assessed punishment at ten years in each case.

Appellant contends in both cases that the trial court failed to admonish him as to the range of punishment, as required by Article 26.13, Vernon's Ann.C.C.P. We agree and reverse.

The record in these cases reveals no admonishment *by the trial court* as to the range of punishment for the offense of aggravated robbery. The State concedes this point but directs our attention to the appellant's "Affidavit[s] of Admonitions and Jury Waiver," which were filed and made a part of the record in each case. These affidavits both provide in part:

"I, *Keith Vernon Murray* . . . hereby enter a plea of guilty to this charge, the penalty for which as prescribed by law is: *FIRST–DEGREE FELONY–LIFE OR TO 99 YEARS.* . . ."

The State, relying principally upon *Williams v. State*, 522 S.W.2d 483 (Tex.Cr.App. 1975), as well as three other cases decided by this Court on April 30, 1975,[1] contends that the appellant's written affidavits were sufficient to show compliance with Article 26.13. We cannot agree.

In 1975 the Legislature amended Article 26.13 of our Code of Criminal Procedure. It now provides as follows:

---

1. *Williams v. State*, 522 S.W.2d 488 (Tex.Cr. App.1975); *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App.1975); *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr.App.1975). And see *Vavra v. State*, 171 Tex.Cr.R. 24, 343 S.W.2d 709 (1961), upon which the State also relies.

"Art. 26.13 Plea of Guilty

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." Acts 1975, 64th Leg., p. 909, ch. 341, Sec. 3, eff. June 19, 1975.

Prior to this 1975 amendment Article 26.-13 provided: [2]

"If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is mentally competent, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." See Acts 1973, 63rd Leg., p. 968, ch. 399, Sec. 2(A), eff. Jan. 1, 1974.

As can be seen from a comparison of the statutes, several changes were effected by the 1975 amendment. It cannot be denied that one of the most significant of these changes is contained in subsection (c): This portion of the statute provides that the trial court's admonishment shall not be subject to challenge if there is "substantial compliance" with subsections (a) and (b) of Article 26.13.

However, even though "substantial compliance" is now sufficient, it does not follow that the trial court—or this Court—may ignore the plain language of the statute.

The statute provides that it is *the trial court* which must admonish the accused of the range of punishment attached to the offense. The statute is mandatory: It does not allow the defense attorney, or the prosecutor, or the clerk of the court, or anyone but the judge himself, to admonish the accused of the range of punishment.

It follows that the only admonishment which can be considered by this Court is that given by the trial court. The "Defendant's Affidavit of Admonitions and Jury Waiver," sworn to before the deputy clerk of the trial court, cannot be considered in determining whether the trial court sufficiently complied with the requirements of Article 26.13.

We have before us a full and complete transcription of appellant's guilty pleas in these two cases. This transcription makes it evident that at no time did the trial court admonish appellant as to the range of punishment for the offense of aggravated robbery. In such a case, we are squarely within this Court's holding in *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975), which requires that the judgments in appellant's cases be reversed.

The judgments are reversed and the causes remanded.

---

2. We observe that Article 26.13 was again amended in 1977. See Acts 1977, 65th Leg., p. 748, ch. 280, Sec. 1, eff. Aug. 29, 1977, which amends subsection (a)(2) of Article 26.13.