Robert Richard TAYLOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 61443.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 19, 1979.

On Rehearing Jan. 9, 1980.

Thomas G. Robins, Victoria, for appellant.

Knute L. Dietze, Dist. Atty. and George A. Taylor, Asst. Dist. Atty., Victoria, Robert Huttash, State's Atty., Austin, for the State.

Alfred W. Walker, Asst. State's Atty., Austin, for the State, on rehearing only.

Before DOUGLAS, PHILLIPS and CLINTON, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for aggravated robbery. Appellant pleaded guilty before the court, and punishment, enhanced by two prior felony convictions, was assessed at life imprisonment.

Appellant challenges the validity of his guilty plea because the trial court failed to admonish him of the range of punishment which attached to the offense, as required by Article 26.13(a)(1), V.A.C.C.P. We agree and reverse the judgment.

Appellant was indicted on February 15, 1977, for the aggravated robbery of Delores Niemann. Included in the indictment were paragraphs which alleged two prior felony convictions of appellant for purposes of enhancement. Appellant's case was called on March 14, 1978, and appellant pleaded guilty. The court admonished appellant concerning the range of punishment as follows:

> JUDGE: You plead guilty knowing that the penalty could be up to life imprisonment?
> MR. TAYLOR: Yes, sir.
> JUDGE: And the lowest you could get, would be what, five years?
> MR. DIETZE [Prosecutor]: Assuming he is found guilty, habitual, assuming he is the same person, two previous convictions, it would be automatic life.
> JUDGE: You understand all about that, and you still want to plead guilty?
> MR. TAYLOR: Yes, sir.
> JUDGE: The Court will accept your plea.

Written statements of the complainant and a witness to the offense were admitted in evidence, along with the pen packets for the two prior convictions alleged in the indictment. Appellant stipulated that he was the same person who had been convicted of the prior felonies, and the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final. The court found appellant guilty of the offense charged and found that appellant had been convicted of the two prior felonies. The court set punishment at life imprisonment pursuant to Section 12.42(d) of the Penal Code.

Subsequently, on September 19, 1978, the trial court held a hearing to reassess punishment. The court feared that the procedure it followed when it originally assessed punishment was improper and wished to correct the error. At this time appellant filed a motion to withdraw his plea of guilty on the grounds that the trial court had failed to admonish him when he entered his guilty plea that he could receive a mandatory punishment of life imprisonment under Section 12.42(d), supra. Appellant's motion was denied and a second judgment was rendered based on the original judgment. Appellant then filed a motion for new trial urging the same error; his motion was denied, and he appealed to this Court.

Appellant urges that the court erred when it failed to admonish him that he could receive a mandatory life sentence under Section 12.42(d), supra. Prior to accepting a plea of guilty, the trial court must

admonish the defendant of the range of punishment attached to the offense. Article 26.13(a)(1), supra; *McDade v. State*, 562 S.W.2d 487 (Tex.Cr.App.1978); *Murray v. State*, 561 S.W.2d 821 (Tex.Cr.App.1977); *Walker v. State*, 524 S.W.2d 712 (Tex.Cr. App.1975). In this case the court admonished appellant only as to the range of punishment for an unenhanced first degree felony, i. e., confinement in the penitentiary ranging from a minimum term of five years to a maximum term of life imprisonment. See Section 12.32 of the Penal Code. The court did not admonish appellant as to the punishment which would attach if appellant's conviction were enhanced by the two prior felony convictions, i. e., mandatory life imprisonment, with no discretion in the court to assess a term of years. See Section 12.42(d), supra.

The court did state that it could assess punishment at life imprisonment, but it did not inform appellant that if the enhancement paragraphs of the indictment were proved up it could assess *only* that punishment. As it stood, the admonition implied that the court would have the discretion to assess punishment anywhere between five years and life imprisonment. Clearly, appellant was not made aware of the full consequences of his plea of guilty.

Even prior to 1975, when Article 26.13, supra, was amended to explicitly provide that a defendant must be admonished as to the range of punishment attached to the offense, this Court held that a trial court must admonish a defendant in a felony case of the consequences of his plea, including the punishment provided by law for the offense and the punishment which could be inflicted under his plea. *Wright v. State*, 499 S.W.2d 326 (Tex.Cr.App.1973); *Alexander v. State*, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956). In *Teamer v. State*, 557 S.W.2d 110 (Tex.Cr.App.1977), we held it was proper to admonish the defendant on the range of punishment for a second degree felony, where the defendant pleaded guilty to the commission of a third degree felony and the indictment alleged a prior felony conviction for the purpose of enhancement.

We hold that the trial judge violated the mandate of Article 26.13(a)(1), supra, to admonish the defendant of the range of punishment attached to the offense.

Because the court failed to admonish appellant concerning the most severe punishment which could be inflicted, the trial judge cannot be said to have substantially complied with the terms of Article 26.-13(a)(1), supra. See *Walker*, supra. Moreover, we cannot say that the error was harmless in light of the maximum punishment assessed and appellant's sworn statement attached to the motion to withdraw his plea of guilty that he did not understand the range of punishment which might be assessed and did not understand that he was being charged as an habitual criminal. Finally, the prosecutor's statement during the court's admonishment of appellant to the effect that appellant could get "automatic life" was not sufficient to cure the error. Article 26.13, supra, provides, and this Court has held, that it is the trial court which must admonish the accused of the range of punishment attached to the offense. A prosecutor may not admonish the accused. See *Whitten v. State*, 587 S.W.2d 156 (1979); *Murray v. State*, supra.

The judgment is reversed and the cause remanded.

DOUGLAS, Judge, dissenting.

Article 26.13, V.A.C.C.P., requires the trial court, prior to the acceptance of a guilty plea, to admonish a defendant of the range of punishment attached to that offense. V.T.C.A., Penal Code, Section 29.03, provides that an aggravated robbery is a first-degree felony, while V.T.C.A., Penal Code, Section 12.32, defines the range of punishment applicable to a first-degree felony as confinement in the Texas Department of Corrections for life or for any term from five to ninety-nine years.

The court admonished Taylor as follows:

"JUDGE: You plead guilty knowing that the penalty could be up to life imprisonment?

"MR. TAYLOR: Yes, sir.

"JUDGE: And the lowest you could get, would be what, five years?

"MR. DIETZE: (District Attorney) Assuming he is found guilty, habitual, assuming he is the same person, two previous convictions, it would be automatic life.

"JUDGE: You understand all about that, and you still want to plead guilty?

"MR. TAYLOR: Yes, sir.

"JUDGE: The Court will accept your plea."

Before the plea was accepted by the court, counsel for appellant questioned him in part as follows:

"Q. And that you want to plead guilty?

"A. Yes, sir.

"Q. And I did in fact recommend to you that you try this case before a jury because the worst you get is life imprisonment in the penitentiary, is that right?

"A. Right.

"Q. And you told me that you didn't want to do that, is that correct?

"A. Yes."

Appellant was admonished that punishment could be life and, as shown by his testimony, he understood it.

The cases cited by the majority for reversal all center on the trial court's *total* failure to admonish on *any* range of punishment. *Teamer v. State*, 557 S.W.2d 110 (Tex.Cr.App.1977), is closely on point with the case at bar. There, the trial court gave a proper admonishment for a second degree felony but failed to state that a $10,000 fine could be imposed. The Court held that there was no showing that appellant was unaware of the punishment range or that he was harmed or misled by the court's admonishment. The conviction was affirmed.

The prosecutor in the present case stated that the punishment would be "automatic life" if two prior convictions were proved. The court adopted that statement when it asked appellant if he understood it and if he still wanted to plead guilty. There is no way that appellant could have been misled. *Cameron v. State*, 508 S.W.2d 618 (Tex.Cr.

App.1973); *Jorden v. State*, 500 S.W.2d 117 (Tex.Cr.App.1973).

The judgment should be affirmed.

Before the court en banc.

OPINION ON STATE'S MOTION
FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment, enhanced by allegations and proof of two prior convictions, was fixed at life.

On original submission the conviction was reversed because of improper admonishment of the punishment range upon entry of appellant's guilty plea. Article 26.13, V.A.C.C.P. This is the extent of the admonishment given appellant as to the range of punishment:

"JUDGE: You plead guilty knowing that the penalty could be up to life imprisonment?

"MR. TAYLOR: Yes, sir.

"JUDGE: And the lowest you could get, would be what, five years?

"MR. DIETZE [Prosecutor]: Assuming he is found guilty, habitual, assuming he is the same person, two previous convictions, it would be automatic life.

"JUDGE: You understand all about that, and you still want to plead guilty?

"MR. TAYLOR: Yes, sir.

"JUDGE: The Court will accept your plea."

Article 26.13, supra, provides in part:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of the punishment attached to the offense; . . .

". . .

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

On original submission the Court held that the statement made by the prosecutor regarding automatic life punishment for an habitual offender could not satisfy the requirement of Art. 26.13, supra, that the *court* admonish the accused, citing *Whitten v. State*, 587 S.W.2d 156 (Tex.Cr.App.), and *Murray v. State*, 561 S.W.2d 821 (Tex.Cr. App.). *Murray*, quoted in *Whitten*, held:

"The statute provides that it is *the trial court* which must admonish the accused of the range of punishment attached to the offense. The statute is mandatory: It does not allow the defense attorney, or the prosecutor, or the clerk of the court, or anyone but the judge himself, to admonish the accused of the range of punishment."

In *Whitten* on rehearing, this theme was developed:

"Substantial compliance will also be found where a required admonishment is given, but is given in a different form than that prescribed by the statute yet which effectively satisfied the statutory requirements. [citations omitted.] . . [T]here are two essential elements in these tolerated admonishments that are present in every case. First, the trial court gives the admonishment and, second, it is given directly to the defendant.

"In Art. 26.13, the legislature mandated that the trial court be responsible for giving the *admonishment* . . . The trial court, not the prosecutor, must satisfy itself as to the propriety of guilty pleas and defendants should properly look to the trial court, not the prosecutor, for admonishments on the law. . . . The necessary participation of the trial court is a consistent requirement.

"The defendant must also be the object of the admonishment. To comply with both Texas law and federal due process, the defendant must hear and understand the admonishments."

On reconsideration we conclude that in this case the basic essentials of substantial compliance were present in the admonishment on the range of punishment set out above. Although the prosecutor spoke the words used to inform appellant of the automatic life sentence that could be imposed, it was the trial judge who first elicited that information from the prosecutor while addressing appellant, when he asked, "And the lowest you could get, would be what, five years?", and it was the trial judge who then immediately adopted the prosecutor's statement when he asked appellant, "You understand all about that, and you still want to plead guilty?"

The fact that the words actually stating the possible automatic life punishment were not spoken by the trial judge does not preclude a finding that the trial court was responsible for giving the admonishment. The facts here strike us as analogous to the use of a translator by the court to admonish a defendant who cannot understand English. The fact that in such a situation the actual communication to the accused is not spoken by the trial judge would not preclude a finding of compliance with Art. 26.13, supra. The words spoken by the translator would no doubt be found to be adopted by the court as its own. Similarly, the prosecutor's words in this case appear to have been adopted by the trial court as its own.

While the style used is no model form to be condoned or copied, we nevertheless find the trial court was being responsible for giving the admonishment and was satisfying itself as to the propriety of appellant's plea. We also conclude that the response made by appellant demonstrates his participation as the object and recipient of the admonishment. The two essentials of substantial compliance explained in *Whitten* on rehearing were present.

Both of the grounds of error raised in this appeal rest on the argument that the punishment admonishment was inadequate. No attempt was made to show appellant was not aware of the consequences of his plea or that he was misled or harmed by the admonishment actually given. Having found substantial compliance with Art. 26.-13, supra, the grounds of error are overruled.

The State's motion for rehearing is granted, the prior reversal is set aside, and the judgment is affirmed.

ROBERTS, J., concurs in the result.

PHILLIPS, Judge, dissenting.

Somehow the majority concludes that the "two essentials of substantial compliance" set forth in *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979, Opinion on State's Motion for Rehearing), were present in this case, even though neither essential was complied with. *Whitten* established the *minimum* requirements for an admonishment: (1) the *trial court* must give the admonishment; (2) the admonishment must be given *directly to the defendant. Id.* at 158. Without these two basic ingredients, substantial compliance with the statute cannot be shown.

It is patently obvious from the statement of facts that if any admonishment was given to appellant in this case, it was given by the prosecutor, not the court, and was directed to the court, not to appellant. This is not a case where the court attempts to directly admonish the accused but cannot succeed because of some communication difficulty, and must employ an agent to relay the message. The court in this case made no attempt to admonish appellant; instead, he relied on the statement by the prosecutor that clearly was not intended or formulated as an admonishment. Moreover, there was no problem of communication between the court and appellant that would necessitate the use of an agent to convey the admonishment.

Completely disregarding this Court's recent effort in *Whitten* to draw a bottom line for substantial compliance in admonishing the accused, the majority now finds a way for trial courts to substantially comply with the substantial compliance requirement. It is not that difficult to admonish an accused, especially when the requirements are explicitly laid out in Article 26.13 of the Code of Criminal Procedure. The consequences for the accused are great, especially in a case such as this. It is entirely reasonable for this Court to require the trial courts of this State to meet certain basic and minimum requirements in order for them to show substantial compliance with the statute. The majority decision encourages substandard work in an area where precision is important and certainly not difficult to achieve. I see little to gain and much to lose in lowering the minimum standard set in *Whitten*.

The *Whitten* essentials were not complied with, and that is sufficient cause for reversal. Perhaps more important however, we are not assured from this record that appellant was intelligently admonished at all, or that he understood the alleged admonishment. The prosecutor's statement to the trial court was not intended as an admonishment. The halting phraseology employed did not properly serve to inform appellant of the legal consequences of his actions. The prosecutor's words served only as an abbreviated reminder to the court, who presumably was familiar with the law in this area, to fully inform appellant, presumably a layman to the law, of the full range of punishment.

To see the problem more clearly, picture the judge directly admonishing appellant in the words of the prosecutor:

> JUDGE: Assuming [you] are found guilty, habitual, assuming [you] are the same person, two previous convictions, it would be automatic life.

Is this sufficient to admonish appellant that the State had alleged two prior convictions in the indictment, and that if the court found both allegations to be true, appellant's punishment would necessarily be set at life imprisonment? Can we understand the affirmative response to mean that appellant was made aware of this? Can we assume, as we expressly refused to do in *Whitten*, that appellant listened to the prosecutor when he made this statement? I cannot accept this as a proper admonishment. There is an insufficient showing in the record that appellant was intelligently admonished as to the full range of punishment or that he understood the alleged admonishment.

I dissent; the State's Motion for Rehearing should be overruled.

CLINTON, J., joins in this dissent.