**Curtis Ray GOODIE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–86–695–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 23, 1987.

Charles F. Baird, Houston, for appellant.

John B. Holmes, Jr., J. Harvey Hudson, James R. Buchanan, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

### OPINION ON MOTION FOR REHEARING

MURPHY, Justice.

In our original opinion, 735 S.W.2d 871, we held that appellant waived his second point of error because he failed to raise an objection at trial. In his second point of error appellant complained that the trial court erred in failing to personally admonish him as required by Tex.Code Crim.Proc. Ann. art. 26.13(a) (Vernon Supp.1986). In his motion for rehearing appellant has cited cases for the proposition that the trial court's failure to comply with the provisions of article 26.13 may be raised at any time. We will respond to appellant's motion for rehearing by addressing the merits of his second point of error.

Tex. Code Crim.Proc.Ann. art. 26.13(a) (Vernon Supp.1986), reads in pertinent part: "Prior to accepting a plea of guilty or nolo contendere, the court shall admonish the defendant ..." *Id.* The trial court instructed the prosecutor to read the admonishments required by article 26.13 after receiving the consent of appellant's trial counsel.

The court of criminal appeals has held:

The statute (art. 26.13) provides that it is the trial court which must admonish

the accused of the range of punishment attached to the offense. The statute is mandatory: It does not allow the defense attorney, or the prosecutor, or the clerk of the court, or anyone but the judge himself, to admonish the accused of the range of punishment.

*Murray v. State,* 561 S.W.2d 821, 822 (Tex. Crim.App.1977). Thereafter, in *Whitten v. State,* 587 S.W.2d 156 (Tex.Crim.App.1979), the court was confronted with a situation where the trial judge omitted any admonishment as to the range of punishment, but the State argued that the omission was harmless in light of the fact that the prosecutor mentioned the proper range of punishment during his voir dire examination which was conducted in the defendant's presence. The Court wrote:

> We observe at the outset that an affirmative showing of prejudice by appellant is unnecessary if there has been no substantial compliance with the statute; therefore the question of substantial compliance, not harmless error, is the primary focus of our analysis.

> .  .  .  .  .

> In Art. 26.13, the legislature mandated that the trial court be responsible for giving the admonishment. [Citation omitted]. We do not agree with the State's view, expressed in their brief, that this is a mere 'technicality.' The trial court, not the prosecutor, must satisfy itself as to the propriety of guilty pleas and defendants should properly look to the trial court, not the prosecutor, for admonishments on the law.

> .  .  .  .  .

> The defendant must also be the object of the admonishment. To comply with both Texas law and federal due process, the defendant must hear and understand the admonishments. For a question of such significance, we refuse to create a presumption that defendants listen to, acknowledge, and understand what a prosecutor, or even the court, chooses to say to the jury.

> .  .  .  .  .

> In this case, the trial court did not participate in the admonishment and the admonishment was not directed to the defendant. There was consequently no substantial compliance with the provisions of Art. 26.13.

*Id.* at 158–59.

However, where the record reflects that the trial court adopted an admonishment made by the prosecutor and the admonishment was directed to the defendant, a different result has been reached. In *Taylor v. State,* 591 S.W.2d 826 (Tex.Crim.App. 1980), the court was confronted with a situation where the trial judge, during his admonishment of the defendant, asked the prosecutor for the correct range of punishment. The court concluded:

> The fact that the words actually stating the possible automatic life punishment were not spoken by the trial judge does not preclude a finding that the trial court was responsible for giving the admonishment. The facts here strike us as analogous to the use of a translator by the court to admonish a defendant who cannot understand English. The fact that in such a situation the actual communication to the accused is not spoken by the trial judge would not preclude a finding of compliance with Art. 26.13, supra. The words spoken by the translator would no doubt be found to be adopted by the court as its own. Similarly, the prosecutor's words in this case appear to have been adopted by the trial court as its own.

> While the style used is no model form to be condoned or copied, we nevertheless find the trial court was being responsible for giving the admonishment and was satisfying itself as to the propriety of appellant's plea. We also conclude that the response made by appellant demonstrates his participation as the object and recipient of the admonishment. The two essentials of substantial compliance explained in *Whitten* on rehearing were present.

*Id.* at 830.

Likewise, in the instant case the trial prosecutor actually read the admonish-

ments, but he read them under the instruction of the trial court and they were directed toward appellant. We hold that there was substantial compliance with article 26.-13 as required by *Whitten* and *Taylor*. Appellants second point of error is overruled.

Motion for rehearing overruled.