Stephen Ray WICKERSHAM, Appellant,

v.

The STATE of Texas, Appellee.

No. 04-87-00322-CR.

Court of Appeals of Texas,
San Antonio.

July 29, 1988.

Donnie J. Coleman, Junction, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

CHAPA, Justice.

Appellant, Stephen Ray Wickersham, appeals from a judgment sentencing him to 60 years' confinement and a fine of $10,-000.00 for the offense of aggravated robbery.

The unusual issue which disposes of this appeal is the necessity of a verdict of guilt. TEX.R.APP.P. 90.

The record reflects that the appellant plead not guilty before a jury and went to trial for the offense of aggravated robbery. After the State had presented its case and rested, appellant voluntarily took the stand. After judicially confessing his guilt before the jury, he changed his plea to guilty. However, the trial judge failed to admonish the accused as required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1988), failed to accept the plea, and failed to instruct the jury to return a finding of guilty. Instead, the jury was retired directly to deliberate on the sentence. During deliberation of the jury on punishment, the trial judge finally admonished appellant, but still failed to receive the plea, or instruct the jury to return a guilty verdict. Without having returned a verdict of guilt, the jury sentenced the accused to 60 years' confinement and a fine of $10,-000.00.

TEX.CODE CRIM.PROC.ANN. art. 37.-07 provides:

Sec. 2. (a) In all criminal cases, other than misdemeanor cases of which the justice court or municipal court has jurisdiction, which are tried before a jury on a plea of not guilty, the judge shall, before argument begins, first submit to the jury the issue of guilt or innocence of the defendant of the offense or offenses charged, without authorizing the jury to pass upon the punishment to be imposed.

\* \* \* \* \* \*

Sec. 3. (c) In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty....

TEX.CODE CRIM.PROC.ANN. art. 37.07, §§ 2(a) & 3(c) (Vernon Supp.1988).

"Finding" is defined as: "[t]he result of the deliberations of a jury or a court. A decision upon a question of fact reached as the result of a judicial examination or investigation by a court [or] jury...." BLACK'S LAW DICTIONARY 569 (5th ed.1979).

*Polk v. State*, 693 S.W.2d 391, 393 (Tex. Crim.App.1985) (en banc).

The record before us fails to reflect that the jury even deliberated as to the guilt or innocence of the accused, or that they found him guilty of the offense. Although the record reflects the jury only deliberated as to the punishment of appellant, the court's punishment charge states the appellant pleaded guilty, but the punishment verdict returned by the jury states the jury found the appellant guilty. This is a perfect example of how confused this record is. Further, the trial court failed to admonish the appellant as required by art. 26.13 when he changed his plea to guilty, failed to accept the plea, and failed to instruct the jury to return a finding of guilt.

The State concedes that art. 26.13 was not complied with, but without citing authority, insists that this requirement only "relates to matter[s] *before* the Court and *before* trial." We disagree.

The provisions of art. 26.13 are mandatory (*Murray v. State*, 561 S.W.2d 821 (Tex.Crim.App.1977)) and a prerequisite to any plea of guilt being received by the court. Further, an admonishment to the appellant when the jury is deliberating

on punishment does not serve any purpose contemplated by the statute.

■ In this case, if the completely confused state of the record does not by itself suffice to require reversal, the contents of the confused record requires reversal. If the record be viewed as one where the plea before the jury was not guilty, the verdict is incomplete because the jury, as the triers of the facts, failed to render "a verdict both on the guilt or innocence of the defendant and the amount of punishment, ..." TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(c). If the record, on the other hand, be viewed as one where the plea was guilty, the judgment is also infirm because the trial court failed to admonish the accused as required by art. 26.13 prior to receiving his plea, failed to receive his plea, and failed to direct the jury to return a finding of guilt. By all standards, the judgment must be reversed, and the cause remanded for a new trial.