**Khan Phi NGUYEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–00868–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 17, 1993.

Discretionary Review Refused
Oct. 20, 1993.

———

Rick Brass, Houston, for appellant.

John B. Holmes, Carol Cameron, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and COHEN, JJ.

**OPINION**

COHEN, Justice.

Appellant waived his right to a jury trial, pled guilty to aggravated robbery, and the trial judge assessed punishment at 18 years in prison. We reverse.

In his first point of error, appellant contends the trial judge erred in failing to admonish appellant as to the range of punishment for aggravated robbery, as required by TEX.CODE CRIM.P.ANN. art. 26.-13(a)(1) (Vernon 1989).

Article 26.13(a)(1) provides: "Prior to accepting a plea of guilty or nolo contendere, the court shall admonish the defendant of: (1) the range of the punishment attached to the offense...." TEX.CODE CRIM.P.ANN. art. 26.13(a)(1) (Vernon 1989).

Here, the following occurred:

COURT: This is an indictment. You have the accusation against you. Do you waive the reading of the indictment?

DEFENDANT: Yes, sir.

COURT: All right. The Court will summarize it. *They say* in Harris County, on April 16th, 1991, that *you committed the offense of theft of property with intent to subvert it to your own personal use.* Were you born in the United States?

DEFENDANT: No, sir.

COURT: Are you an American citizen?

DEFENDANT: No, sir.

COURT: What?

DEFENDANT: No, sir.

COURT: Well, I must tell you that if they find you guilty there is a possibility that you can be deported and that you, if you were getting your citizenship, that might terminate that. Do you understand that?

DEFENDANT: Yes, sir.

COURT: Are you ready to proceed on this plea?

DEFENDANT: Yes, sir.

COURT: Alright. The State may proceed.

PROSECUTOR: Your honor, may I examine the witness.

COURT: Yes, sir.

PROSECUTOR: You are here today on the charge of aggravated robbery. The sentence for aggravated robbery, it is a first degree felony, and the sentence is from a minimum of five years and a maximum of 99 years or life and up to a twenty-thousand-dollar fine. Do you realize this?

DEFENDANT: Yes, sir.

(Emphasis added.)

The judge said nothing about the range of punishment. Moreover, he erroneously told appellant that he was accused of theft, rather than aggravated robbery.

In *Murray v. State*, 561 S.W.2d 821 (Tex. Crim.App.1979), the court of criminal appeals held:

[Article 26.13(a)] provides that it is the trial court which must admonish the accused of the range of punishment attached to the offense. The statute is mandatory: it does not allow the defense attorney, or the prosecutor, or the clerk of the court, or anyone but the judge himself, to admonish the accused of the range of punishment.

561 S.W.2d at 822. The court reiterated the rule in *Whitten v. State*, 587 S.W.2d 156 (Tex.Crim.App.1979) (op. on reh'g). In *Whitten*, the trial judge omitted any admonishment concerning the range of punishment, but the State argued the omission was harmless and the statute was substantially complied with because the prosecutor mentioned the proper range of punishment during voir dire. *Id.* at 158. The court of criminal appeals disagreed, stating:

The trial court, not the prosecutor, must satisfy itself as to the propriety of guilty pleas and defendants should properly look to the trial court, not the prosecutor, for admonishments on the law....

In this case, the trial court did not participate in the admonishment and the admonishment was not directed to the defendant. There was consequently no substantial compliance with the provisions of Art. 26.13.

*Id.* at 159.

Here, the State contends the fact the words were not spoken by the trial judge does not preclude a finding that the trial court was responsible for giving the admonishment. The trial judge here, the State argues, implicitly adopted the prosecutor's admonishment of appellant. For support, the State relies on *Taylor v. State*, 591 S.W.2d 826, 830 (Tex.Crim.App.1979) (op. on reh'g), and *Goodie v. State*, 737 S.W.2d 37, 38–39 (Tex.App.—Houston [14th Dist.] 1987), *affirmed*, 745 S.W.2d 379 (Tex. Crim.App.1988).

In *Taylor*, the trial judge, during his admonishment of the defendant, asked the prosecutor for the correct range of punishment. 591 S.W.2d at 829. The prosecutor recited the range and the judge then asked the defendant if he understood. *Id.* The court wrote:

While the style used is no model form to be condoned or copied, we nevertheless find the trial court was being responsible for giving the admonishment and was satisfying itself as to the propriety of appellant's plea.

*Id.* at 830.

In *Goodie*, the prosecutor read the admonishments to the defendant under the instruction of the trial court. 737 S.W.2d at 38–39. Because the judge instructed the prosecutor to admonish appellant, and because the admonishment was directed toward appellant, the court of appeals found substantial compliance with article 26.13, as required by *Whitten* and *Taylor*. 737 S.W.2d at 39. The court of criminal appeals refused to grant discretionary review, but stated:

Our refusal to grant the petition for discretionary review should not be construed as an approval of a practice of having someone other than the trial judge deliver the admonishments to the defendant.... With this disclaimer, we refuse appellant's petition for discretionary review.

*Goodie v. State*, 745 S.W.2d 379 (Tex.Crim. App.1988).

This case differs from *Taylor* and *Goodie*. In those cases, the courts found substantial compliance with article 26.13 only because the prosecutor admonished the defendant at the instruction of the judge. Here, nothing in the record indicates the judge instructed the prosecutor to give the admonishment. Rather, this case typifies a practice the court of criminal appeals refused to sanction in *Murray* and *Whitten*, and warned against in *Taylor* and *Goodie*. Judges, not prosecutors, should admonish the defendant on the range of punishment.

The State further contends that because the judgment, the waiver of constitutional rights, the agreement to stipulate, and the docket sheet all reflect that the trial judge admonished appellant concerning the consequences of his plea, the judge must have complied with article 26.13. A similar argument, however, was rejected in *Murray*. 561 S.W.2d at 822. In *Murray*, the transcribed record showed the judge did not give the admonishment, so the court refused to consider the defendant's affidavit of admonitions and jury waiver as evidence of sufficient compliance with article 26.13. *Id.* Likewise, the transcribed record here clearly shows the prosecutor, not the judge, gave the admonishment on the range of punishment.

Finally, the State claims that during examination of appellant by the judge in the punishment hearing, appellant indicated he understood the range of punishment. The punishment hearing, however, occurs after a court has accepted a plea of guilty or nolo contendere. Article 26.13 orders the trial court to admonish the defendant *prior* to accepting a plea. TEX.CODE CRIM.P.ANN. art. 26.13(a) (Vernon 1989). Nevertheless, courts have allowed the admonishment to be given after the acceptance of a plea. *See Hardman v. State*, 614 S.W.2d 123, 126 (Tex.Crim.App.1981). In *Hardman*, the trial judge admonished the defendant immediately after accepting his plea. *Id.* The case here, however, differs from *Hardman*. There, the record reflected the defendant was given the option of withdrawing the plea following the belated admonishment on the range of punishment, yet he persisted in pleading guilty. *Id.* at 126.

Here, the punishment hearing took place more than seven months after appellant pleaded guilty, and he was not asked if he wished to withdraw his plea.

We conclude that the judge did not substantially comply with the mandatory requirement of article 26.13(a). Therefore, appellant is not required to prove he was harmed, pursuant to article 26.13(c). *Whitten*, 587 S.W.2d at 158. Point of error one is sustained.

The judgment is reversed, and the cause is remanded.

MIRABAL, J., dissents.

MIRABAL, Justice, dissenting.

I dissent.

In my opinion, the trial court substantially complied with TEX.CODE CRIM.P.ANN. art. 26.13(a)(1) (Vernon 1989). Appellant has not affirmatively shown that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. Therefore, I would affirm.

Article 26.13(a) provides, in relevant part:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

> (1) the range of the punishment attached to the offense;

> (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant.....

. . . . .

> (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is

mentally competent and the plea is free and voluntary.

(c) In admonishing the defendant as herein provided, *substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.*

TEX.CODE CRIM.P.ANN. art. 26.13 (Vernon 1989) (emphasis added).

In the present case, the trial judge himself gave appellant the admonishment covered by article 26.13(a)(4), namely, the possible repercussions of a conviction for a non-citizen. Immediately after the trial court gave that admonishment, the following occurred:

COURT: Are you ready to proceed on this plea?

DEFENDANT: Yes, sir.

COURT: Alright. The State may proceed.

The prosecutor then covered the admonishments described in article 26.13(a)(1) and (2), and the matter covered by 26.13(b), as follows:

PROSECUTOR: You are here today on the charge of aggravated robbery. The sentence for aggravated robbery, it is a first degree felony, and the sentence is from a minimum of 5 years and a maximum of 99 years or life and up to a twenty-thousand-dollar fine. Do you realize this?

DEFENDANT: Yes, sir.

PROSECUTOR: Do you also recognize that the plea bargain agreement between the State and the defendant is not binding on this Court?

DEFENDANT: Yes, sir.

PROSECUTOR: And that if the Court accepts—

DEFENSE COUNSEL: There is no plea bargain in this.

PROSECUTOR: That's right. You are correct.

Is it your testimony today that you are competent to stand here and make your plea?

DEFENDANT: Yes, sir.

PROSECUTOR: And have you ever been under the care or treatment of a psychiatrist or psychologist?

DEFENDANT: No, sir.

PROSECUTOR: I show you what has been marked as State's Exhibit No. 1. Do you recognize this document?

DEFENDANT: Yes, sir.

PROSECUTOR: Have you had a chance to go over this document with your attorney?

DEFENDANT: Yes, sir.

PROSECUTOR: And do you fully and completely understand the document?

DEFENDANT: Yes, sir.

PROSECUTOR: Towards the bottom is the signature marked "defendant." Is that your signature?

DEFENDANT: Yes, sir.

PROSECUTOR: And was the signature freely and voluntarily made?

DEFENDANT: Yes, sir.

PROSECUTOR: At this time the State moves to enter State's Exhibit No. 1 into evidence.

DEFENSE COUNSEL: No objections, Your Honor.

THE COURT: It will be admitted.

In my opinion, the record clearly indicates that the trial court intended for the prosecutor to cover the required admonishments. The record implies that the prosecutor acted under instructions from the trial court to admonish appellant in accordance with article 26.13.

This case is, therefore, similar to *Goodie v. State*, 737 S.W.2d 37 (Tex.App.—Houston [14th Dist.] 1987), *affirmed*, 745 S.W.2d 379 (Tex.Crim.App.1988). In *Goodie*, the trial court instructed the prosecutor to read the admonishments required by article 26.-13, after receiving the consent of the defense counsel. The admonishments were directed toward the defendant, as in the present case. The court of appeals in *Goodie* held there was substantial compliance with article 26.13, and the Court of Criminal Appeals agreed the case did not

merit reversal. I reach the same conclusion in the present case.[1,2]

I would affirm the judgment.

---

1. I note that the procedure regarding giving the necessary admonishments has been relaxed somewhat by an amendment to article 26.13, *effective August 1, 1987, which added section* (d), as follows:

   (d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea.
   If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.
   Act of June 17, 1987, 70th Leg., R.S., ch. 443, § 1, 1987 Tex.Gen.Law 2021, 2022.

   If this amendment had been in effect at the time the defendant signed the affidavit in *Murray v. State*, 561 S.W.2d 821 (Tex.Crim.App.1977), the outcome of that appeal may well have been different.

2. I also note that, according to the statements of facts in this case, the trial court deferred entry of a finding of guilt until the PSI/punishment hearing. *Prior to the pronouncement of a finding of guilty, the trial·court* specifically asked appellant if he understood the maximum sentence for his offense was life imprisonment and a $10,000 fine; appellant answered yes. The State argues the admonishments were therefore properly given *by the trial judge* in a timely fashion. I decline to comment on the merits of this argument.