**Max MOUSSAZADEH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–01412–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 5, 1998.

Randy Schaffer, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before ANDERSON, EDELMAN and JOE DRAUGHN,* JJ.

## OPINION

JOE DRAUGHN, Justice (Sitting by Assignment).

Appellant, Max Moussazadeh, pleaded guilty to the offense of murder without the benefit of a plea bargain. The trial court accepted his plea and assessed punishment at seventy-five years confinement in the Texas Department of Criminal Justice, Institutional Division. In one point of error, appellant contends the trial court erred by failing to personally admonish him of the consequences of his plea. We affirm.

Generally, a guilty plea entered without a plea bargain agreement waives all nonjurisdictional defects that occur prior to

---

* Justice Draughn sitting by assignment.

the entry of the plea. *See Jack v. State,* 871 S.W.2d 741, 743 (Tex.Crim.App.1994) (stating the *Helms* rule from *Helms v. State,* 484 S.W.2d 925 (Tex.Crim.App.1972)). However, the *Helms* rule does not bar an appellant from challenging the voluntariness of his plea. *See Flowers v. State,* 935 S.W.2d 131, 133 (Tex.Crim.App.1996). In the present case, appellant contends the trial court's failure to comply with Article 26.13 rendered his plea involuntary. Accordingly, the *Helms* waiver rule does not apply, and we may consider appellant's point of error.

*Failure to Admonish*

■ Appellant argues the trial judge committed reversible error by failing to personally admonish him of the consequences of his plea. Specifically, appellant claims the trial judge failed to inform him that his guilty plea could result in his deportation. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(4) (Vernon 1996). Article 26.13 provides, in pertinent part:

> (a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:
>
> \*   \*   \*   \*   \*   \*
>
> (4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

*Id.* Article 26.13 permits the trial court to admonish the defendant either orally or in writing. However, "[i]f the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea." *Id.* at art. 26.13(d)

Appellant concedes that prior to entering his plea of guilty, he received a document that fully informed him of the consequences of his plea. Appellant also recognizes that both he and his attorney read and signed the admonitions document.[1] Nevertheless, appellant contends that because the trial judge did not sign the admonitions document, the record does not show the judge *personally* admonished appellant.[2] To support his argument, appellant relies heavily on *Murray v. State,* 561 S.W.2d 821 (Tex.Crim.App.1977).

In *Murray,* the appellant claimed he was entitled to a new trial because the record affirmatively showed the trial judge failed to admonish him as to the range of punishment for the charged offense before the appellant pleaded guilty. *See id.* The State conceded that the trial judge failed to admonish the appellant, but argued that an "Affidavit of Admonitions," signed by the appellant and made part of the record, was sufficient to show compliance with Article 26.13. *Id.* In rejecting the State's argument, the Court of Criminal Appeals held:

> The statute [Article 26.13] provides that it is *the trial court* which must admonish the accused. . . . The statute is mandatory: It does not allow the defense attorney, or the prosecutor, or the clerk of the court or anyone but the judge himself, to admonish the accused of the range of punishment. It follows that the only admonishment which can be considered by the Court is that given by the trial court. . . . This transcription makes it evident that at no time did the trial court admonish appellant as to the range of punishment for the offense of aggravated robbery.

*Id.* at 822.

■ Unlike the situation in *Murray,* the record in this case does *not* affirmatively show the trial court failed to admonish appellant of the consequences of his guilty plea. Prior to entering his plea, appellant received and signed a document which specifically stated that "[p]ursuant to Article 26.13(d), Code of Criminal Procedure, *the Court* admonishes you the Defendant as follows and instructs you to place your initials by each item if you fully understand it." (emphasis added). Thus, although the trial judge did not sign the admonitions document, the rec-

---

1. The record also shows appellant placed his initials beside each Article 26.13 admonishment in the admonitions document.

2. We note that Article 26.13 does not require the trial judge to sign the admonitions document.

ord indicates the trial court, rather than a third party, provided appellant with the written admonishments. In addition, the trial court's judgment reflects that prior to entering his plea, appellant "was admonished *by the Court* as required by Article 26.13, Code of Criminal Procedure." (emphasis added).[3] The trial court's docket sheet also indicates the trial court admonished appellant of the consequences of his plea.

■ Nevertheless, appellant argues that because the trial judge did not sign the admonitions document, we should presume the trial judge did not admonish him. We cannot presume any such fact. To the contrary, appellate courts apply a presumption of regularity of proceedings and presume that recitals in court documents are correct unless the record affirmatively shows otherwise. *See Garza v. State*, 896 S.W.2d 192, 197 (Tex. Crim.App.1995); *Breazeale v. State*, 683 S.W.2d 446, 450 (Tex.Crim.App.1984); *see also Jones v. State*, 646 S.W.2d 449 (Tex. Crim.App.1983) (where procedural requirements do not affirmatively appear in record to have been violated, presumption of regularity prevails); Tex.R.App. P. 50(d) (the appellant has the burden to bring forth a record sufficient to show reversible error). In the case at bar, appellant has failed to bring forward any evidence to show he received the written admonitions from anyone other than the trial judge. Because appellant has failed in his burden, we must presume the trial court properly admonished appellant in full compliance with Article 26.13 and that appellant's plea was entered knowingly and voluntarily. *See Miller v. State*, 879 S.W.2d 336, 338 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd) (holding that record showing defendant received Article 26.13 admonishments is prima facie showing that guilty plea was knowing and voluntary).

*Harm*

■ We also note that appellant has failed to demonstrate how he was harmed by the trial judge's alleged failure to personally admonish him of the consequences of his plea. When a defendant is not properly admonished in accordance with Article 26.13,

we are to reverse only if the error was not harmless. *See Cain v. State*, 947 S.W.2d 262, 264 (Tex.Crim.App.1997) (overruling *Morales v. State*, 872 S.W.2d 753 (Tex.Crim.App. 1994)); *see also* Tex.R.App. P. 81(b)(2). It is undisputed in this case that appellant received each Article 26.13 admonishment *before entering his plea.* Appellant does not explain, nor do we perceive, how a trial judge's alleged failure to personally admonish an accused could have contributed to that person's conviction or punishment. Therefore, even if we were to conclude the trial judge did not personally deliver the written admonitions to appellant, any such error was harmless. Accordingly, we overrule appellant's sole point of error and affirm the judgment of the trial court.

---

3. The trial court's judgment was signed by the trial judge.