In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00418-CR
____________

WILLIAM FLANN BAILEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 845994




MEMORANDUM OPINION
          A trial court found appellant, William Flann Bailey, guilty after he pleaded true
to violating the terms of his community supervision. The trial court assessed
punishment at two years’ confinement. In his sole point of error, appellant contends
that the record does not show that the trial court conducted a separate punishment
hearing after adjudicating guilt. We affirm.Background
          Appellant pleaded guilty to the felony offense of assault on a family member
by causing bodily injury. On May 31, 2000, the trial court deferred adjudication of
guilt and placed appellant on five years community supervision. In April 2001, the
State filed a motion to adjudicate guilt, alleging that appellant did not comply with
the terms and conditions of his community supervision, to which appellant pleaded
true. 
Waiver
          Appellant contends that the record did not show the trial court conducted a
separate punishment hearing after adjudicating guilt. A trial court that finds an
accused has violated his community supervision must then conduct a hearing to
determine his punishment. Issa v. State, 826 S.W.2d 159, 161 (Tex. Crim. App.
1992). Appellant argues that, because there is no evidence that a hearing occurred,
we should presume one did not. We disagree. 
          Appellate courts apply a presumption of regularity of proceedings unless the
record otherwise indicates. Jones v. State, 646 S.W.2d 449 (Tex. Crim. App. 1983)
(where procedural requirements do not affirmatively appear in record to have been
violated, presumption of regularity prevails); Moussazadeh v. State, 962 S.W.2d 261,
264 (Tex. App.—Houston [14th Dist.] 1998, pet ref’d). Appellant has the burden to
overcome this presumption, yet, he has failed to bring forward any evidence to show
that the trial court did not conduct a punishment hearing. Appellant waived his right
to have a court reporter record all court proceedings, and the clerk’s record does not
affirmatively show that the trial court did not conduct a punishment hearing. Because
appellant has failed in his burden, we must presume the trial court conducted a
punishment hearing.
          Moreover, a party must make a “timely request, objection, or motion” to
preserve error for appellate review. Tex. R. App. P. 33.1(a)(1). If appellant did not
have the opportunity to object and make an offer of punishment evidence, he was
required to present the objection and the offer of proof in a motion for a new trial. 
Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); Foster v. State, 80
S.W.3d 639, 641. (Tex. App.— Houston [1st Dist.] 2002, no pet.) (holding that, when
the trial court precludes a defendant from presenting punishment evidence, that
defendant must make his objection and offer of proof at the first opportunity, even if
it is at the motion for new trial hearing.). Appellant did not file a motion for a new
trial. Therefore, we find appellant has waived his right to raise the issue of denial of
a punishment hearing on appeal.
          We overrule appellant’s sole point of error.
 
 
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice 
 
Panel consists of Justices Hedges, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).