**Billy Joe JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 61694.

Court of Criminal Appeals of Texas,
Panel No. 3.

July 18, 1979.

Rehearing Denied Oct. 24, 1979.

Jimmy Phillips, Jr., Angleton, for appellant.

Doyle W. Neighbours, Criminal Dist. Atty. and Kim R. Fallwell, Asst. Dist. Atty., Angleton, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, ROBERTS and W. C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for delivery of marihuana. Trial was before the jury upon a plea of guilty. Punishment was assessed at two years.

Appellant contends that the trial court erred in failing to admonish him as to the range of punishment before the plea of guilty was accepted.

The record reflects that the court out of the presence of the jury made inquiry of appellant if he were pleading guilty because he felt like he was guilty, if anyone had threatened him to force a plea of guilty, if anyone had promised him a pardon in return for a plea of guilty, if he felt as though he was sane both at the time of trial and at the time of the offense, but did not admonish appellant as to the range of punishment for the offense.

Article 26.13(a)(1), V.A.C.C.P. provides in pertinent part:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; And . . ."

The failure to admonish a defendant as to the range of punishment constitutes reversible error. *Fuller v. State*, Tex.Cr. App., 576 S.W.2d 856; and *Stewart v. State*, Tex.Cr.App., 580 S.W.2d 594.

The State contends that appellant was aware of the range of punishment due to the fact that it was discussed extensively during voir dire of the jury panel. We have held that it is the duty of the trial judge to admonish the defendant as to the range of punishment. *Murray v. State*, Tex.Cr.App., 561 S.W.2d 821. The fact that the defendant may have learned this information from some third party is not sufficient to satisfy Article 26.13, supra. *Whitten v. State*, 587 S.W.2d 156 (1979). Lastly, the State contends that there was substantial compliance with Article 26.13, supra, at appellant's trial. Under these circumstances, we are not faced with a question of whether there was

substantial compliance, but with a situation of no compliance under Article 26.13(a)(1), supra. See, *Carrillo v. State*, Tex.Cr.App., 576 S.W.2d 824.

The judgment is reversed and the cause remanded.