Raul GONZALES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–87–146–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1988.

Hector Rene Gonzalez, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Deanie King, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a plea of guilty to attempted burglary of a habitation. Punishment, enhanced by two prior felony convictions, was assessed at twenty-five years. By three points of error, appellant complains that the trial court failed to properly admonish him of the consequences of his plea, thereby making it involuntary and depriving him of his constitutional right to due process of law. Appellant specifically contends that the trial court's admonishment on the range of punishment was insufficient. We disagree and affirm the judgment of the trial court.

Appellant was charged by indictment with attempted burglary of a habitation. The indictment also alleged that appellant had two previous felony convictions. Appellant pled guilty to the primary offense and "not true" to the enhancement portion of the indictment. Trial was before the court.

Before any admonishments were given, the following transpired:

THE COURT: All right. How do you plead to the indictment, guilty or not guilty?

THE DEFENDANT: Guilty, Your Honor.

THE COURT: Is that guilty to—

THE DEFENDANT: To attempted burglary.

THE COURT: —the first count, attempted burglary, and not guilty as to the remaining—

THE DEFENDANT: Yes, sir.

THE COURT: —which contains, I think, reference to two prior convictions?

MR. GONZALEZ (defense counsel): Right. We are entering not true to those enhancements.

The trial judge then admonished appellant on the range of punishment applicable to the offense of attempted burglary of a habitation in the following manner:

THE COURT: All right. Now, one charged with this offense, that is, attempted burglary, may be punished by confinement. This is—this is a second degree, is it?

[DEFENDANT'S ATTORNEY]: Yes, sir.

THE COURT: All right. You may be confined in the Texas Department of Corrections for a period not less than 2, nor more than 20 years, and fined up to $10,000. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And based on your plea alone, to this charge, that could be the sentence of the Court, 20 years in the penitentiary. Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Or up to that amount.... All right. Now, after the explanations concerning the possibility of punishment, do you still wish to plead guilty?

THE DEFENDANT: Yes, Your Honor.

No admonishment on the range of punishment applicable for a repeat offender or habitual felony offender was given. The court accepted the plea of guilty and found appellant guilty.

The State then proved that appellant had previously been finally convicted of two felony offenses. Appellant did not present any evidence to rebut the enhancement allegations. The trial court found the enhancement portion of the indictment to be true and adjudged appellant to be a habitual felony offender. Pursuant to Tex. Penal Code Ann. § 12.42 (Vernon Supp.1987), a habitual felony offender may be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than ninety-nine years or less than twenty-five years.

■ Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon Pamph.1987) requires a trial court to admonish a defendant on the range of punishment attached to an offense before accepting a plea of guilty. The admonishment must come from the trial court, and it is insufficient if the admonishment comes from counsel. *Jackson v. State*, 587 S.W. 2d 398 (Tex.Crim.App.1979); *Murray v. State*, 561 S.W.2d 821, 822 (Tex.Crim.App. 1977).

■ The purpose of this admonishment is to insure that the defendant enters his plea with full knowledge of its consequences. An affirmative showing of such knowledge is constitutionally required. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Whitten v. State*, 587 S.W.2d 156, 158 (Tex.Crim.App. 1979). "Consequences" of a plea has been interpreted to mean the punishment provided by law for the offense and which can be inflicted under the plea. *Eubanks v. State*, 599 S.W.2d 815, 816 (Tex.Crim.App.1980).

■ When a defendant pleads guilty to an indictment that alleges prior convictions for enhancement purposes, the accused should be admonished of the full range of punishment available through enhancement. *Taylor v. State*, 591 S.W.2d 826, 828. (Tex.Crim.App.1979). *See also, Ricondo v. State*, 634 S.W.2d 837 (Tex.Crim. App.1981). In the instant case, a full admonishment would have informed appellant that the primary offense was punishable by confinement for not less than two or more than twenty years with a possible fine of ten thousand dollars. Tex.Penal Code Ann. § 30.02 (Vernon 1974). In addition, the appellant should have been admonished that in the event the State proved one prior felony conviction, the punishment range would then be five to ninety-nine years or life, and if two prior convictions were proved, the range would then be twenty-five to ninety-nine years or life. Tex.Penal Code Ann. § 12.42 (Vernon Supp.1987).

■ When a trial court completely fails to admonish a defendant, such failure constitutes reversible error without regard to whether the defendant was harmed. But where the record indicates that the defendant received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing that the plea of guilty was knowingly and voluntarily made. The burden shifts to the defendant to show that he entered the plea without understanding the consequences of his action and was "misled or harmed by the admonishment of the Court." *Ex parte Smith*, 678 S.W.2d 78, 79 (Tex.Crim. App.1984); *Ex parte McAtee*, 599 S.W.2d 335, 336 (Tex.Crim.App.1980); article 26.13.

■ This is not a case, however, where the trial court completely failed to admonish the accused on the range of punishment. Appellant pled guilty only to the primary offense. He pled "not true" to the enhancement allegations and placed the burden upon the State to introduce sufficient evidence to support those allegations.

In addition, the record as it was developed, fails to show that appellant was harmed. During closing arguments at the sentencing hearing, the State recommended that appellant receive a sentence of fifty years for the burglary and the enhancement. Appellant's attorney responded by requesting that the court assess the minimum term (twenty-five years for the burglary and the enhancement). The colloquy between appellant's attorney and the State's attorney before the court clearly

shows that appellant was not "misled" by the court's admonishment. Appellant did not object to the trial court's failure to fully admonish him; he did not at any time attempt to withdraw his plea; and he did not file a motion for new trial. Appellant received the sentence he requested: twenty-five years.

While it would have been better practice for the trial court to completely admonish the accused on the punishment possibilities which might occur should the trial court find one or both of the enhancement allegations true, we find that the trial court substantially complied with art. 26.13 by instructing the accused on the punishment range applicable to the primary offense alleged, the only allegation to which he pled guilty. Under these circumstances, the burden shifted to appellant to show that he entered his plea without understanding the consequences of his actions or that he was misled by the trial court.

Where there is no showing that a defendant was prejudiced or injured by the failure of the trial court to *fully* comply with Article 26.13, that failure to fully comply will not constitute reversible error on appeal. *Guster v. State*, 522 S.W.2d 494, 495 (Tex.Crim.App.1975). Appellant cannot now complain that he was misled or injured by the trial court's failure to fully comply with Article 26.13.

The record here affirmatively shows that appellant was admonished to the portion of the indictment to which he pled guilty. If it can be argued that appellant was unaware of the plea's consequences or was misled by the trial court, the burden is on the appellant to demonstrate such harm. No harm was shown by this appellant.

Appellant's points of error are overruled and the judgment of the trial court is AFFIRMED.

BENAVIDES, Justice, dissenting.

I respectfully dissent. The appellant was admonished that he would receive no more than twenty years for the offense for which he was convicted. He was assessed punishment at twenty-five years. Under such circumstances, I feel the majority is incorrect in requiring the appellant to show that he was harmed by the improper admonishment, and in not finding that appellant's due process rights were violated.

The majority correctly states that in this case that: (1) a proper admonishment would have informed appellant that the primary offense was punishable by confinement for not less than two or more than twenty years with a possible fine of ten thousand dollars; and, that (2) the appellant should have been admonished that in the event the State proved one prior felony conviction, the punishment range would then be five to ninety-nine years or life, and if two prior convictions were proved, the range would then be twenty-five to ninety-nine years or life. Before the plea of guilty was accepted, the appellant should have been admonished of the full range of punishment available through enhancement. *Taylor v. State*, 591 S.W.2d 826, 828 (Tex.Crim.App.1979); *Ricondo v. State*, 634 S.W.2d 837 (Tex.Crim.App.1981).

It is the well-established rule that "a failure of the trial court to admonish the defendant concerning the range of punishment is reversible error without regard to whether the defendant was harmed." *Walker v. State*, 524 S.W.2d 712 (Tex.Crim. App.1975). In *Ex parte McAtee*, the Court of Criminal Appeals explained the *Walker* rule:

The reasoning behind this rule is that where the record indicates that the defendant has received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed. Where there is a total failure to admonish concerning punishment, however, there is no prima facie showing; *the defendant has received no*

*warning whatsoever as to the punishment that is liable to be assessed.* In such a case the danger of the defendant entering an unknowing and involuntary plea is so great that no specific harm need be shown. See *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

*Ex parte McAtee,* 599 S.W.2d 335 (Tex. Crim.App.1980). (Emphasis mine).

In the instant case, the appellant received no warning whatsoever as to the punishment that could be and was in fact assessed against him. Rather, he was in effect admonished that such a punishment could not be assessed.

Tex.Code Crim.Proc.Ann. art. 26.13 (Vernon Pamph.1987) requires the court to admonish a defendant on the range of punishment before accepting a plea of guilty. It is insufficient if the admonishment comes from counsel. *Jackson v. State,* 587 S.W. 2d 398 (Tex.Crim.App.1979). The statement by the State's attorney does not constitute an admonishment, nor does defense counsel's request for "the minimum sentence" after appellant had been found guilty demonstrate that the appellant entered his plea with the knowledge that a twenty-five year sentence could be assessed.

In *Weekley v. State,* 594 S.W.2d 96 (Tex. Crim.App.1980), the Court reversed the conviction of an appellant who had been assessed a twenty-five year sentence after being admonished that he could not be assessed a term of more than twenty years. The Court, quoting and approving *Tellez v. State,* 522 S.W.2d 500 (Tex.Crim.App.1975), referred to the purpose of the punishment admonishment and noted the inapplicability of the "harm issue" as follows:

... the Court observed that the purpose of the punishment admonishment was "to avoid a situation where an accused thought his possible punishment could be a certain number of years and then (after he had entered his plea of guilty) learn that he had been assessed a greater punishment." That observation is still sound

today ... We do not consider the issue of harm under the circumstances because we conclude that on the facts of this case the admonishment did not constitute substantial compliance.

*Weekley,* 595 S.W.2d at 97.

Similarly, in *Whitten v. State,* 587 S.W. 2d 156 (Tex.Crim.App.1979), the Court did not require the appellant to show harm when there was no substantial compliance. The Court reviewed and recognized two circumstances where deficient admonishments are considered to be in substantial compliance with art. 26.13:

[1.] ... where an admonishment was not given but it was immaterial to the plea in that case, such as where the trial court failed to admonish on the non-binding character of prosecutorial recommendations and no prosecutorial recommendations had been made.

[2.] ... where a required admonishment is given, but is given in a different form than that prescribed in the statute yet which effectively satisfied the statutory requirements.

*Whitten,* 587 S.W.2d at 158.

As to the second circumstance, the *Whitten* Court explained that "there are two essential elements in these tolerated admonishments that are present in every case. First, the trial court gives the admonishment and, second, it is given directly to the Defendant." *Whitten,* 587 S.W.2d at 158.

After the plea of guilty had been accepted, and after the trial court had found the two alleged prior offenses to have been committed by the appellant, the State's attorney requested that the accused be assessed a fifty year sentence. In his argument to the trial court, the State's attorney argued that since the court had found the defendant guilty of the two prior offenses the punishment range then "... goes from 25 years to 99 years or life." Defense counsel, in his argument, requested the minimum sentence. The trial court did not give the required admonishment and the

prosecutor's argument on the applicable punishment was directed to the court. Since there was no substantial compliance with art. 26.13, no harm need be shown. *Whitten,* 587 S.W.2d at 158.

The record does not affirmatively show that the appellant was aware of the consequences of his plea when he entered his plea of guilty. On the contrary, the record affirmatively shows that the appellant was made aware that he could be assessed a punishment of no more than twenty years. In effect, the appellant received a false admonishment from the court. I would hold that, such admonishment when combined with the twenty-five year sentence constituted a violation of appellant's right to due process of law under the U.S. Constitution. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).