NUMBER 13-00-579-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

 

CHARLES COLEMAN MORGAN, Appellant,
v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 92nd District Court

of Hidalgo County, Texas.

 

O P I N I O N



Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez


Appellant, Charles Coleman Morgan, pleaded no contest to the offense of aggravated robbery, with enhancement. In one
issue, appellant argues that his conviction should be reversed because the trial court failed to fully admonish him of the
range of punishment. We affirm.

Appellant was indicted for the offense of aggravated robbery, with enhancement. Appellant pleaded no contest to the
charge, without a plea agreement, and pleaded "true" to the indictment's enhancement paragraph. At the plea hearing, the
trial court asked appellant whether he understood the possible range of punishment and whether his lawyer had explained
same to him, to which the appellant answered, "yes, sir." Further, the trial court admonished appellant, in writing, that the
range of punishment of the enhanced offense was fifteen to ninety-nine years, or life; however, the court did not admonish
appellant that the range of punishment of the "primary offense" without the enhancement was five to ninety-nine years, or
life. After receiving appellant's plea, the trial court found appellant guilty and sentenced him to fifteen years. Appellant
appeals his conviction and sentence.

In one issue, appellant complains that his plea of no contest should be vacated and set aside and this cause remanded for a
new trial because the trial court failed to admonish him as to the full range of punishment on the primary offense and the
consequences of the enhancement paragraph.

Prior to accepting a plea of guilty or no contest, the court shall admonish the defendant of the range of punishment attached
to the offense. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 1989). Appellant correctly argues that when a
defendant pleads guilty or no contest to an indictment that alleges prior convictions for enhancement purposes, the accused
should be admonished of the full range of punishment available through enhancement. Taylor v. State, 591 S.W.2d 826,
828 (Tex. Crim. App. 1979); Gonzales v. State, 746 S.W.2d 902, 904 (Tex. App.-Corpus Christi 1988, no pet.). However,
appellant further argues that the holdings in Taylor and Gonzales also required the trial court, in the present case, to have
admonished him of the range of punishment of the primary offense, without the enhancement.

In Gonzales, we stated that a full admonishment informs the defendant of the range of punishment of the primary offense,
as well as the range of punishment of the enhanced offense. Gonzales, 746 S.W.2d at 904. Applying such analysis to the
present case, we find that a full admonishment would have informed appellant: (1) that the primary offense was punishable
by confinement for not less than five or more than ninety-nine years, or life, and a possible fine, not to exceed $10,000,
Tex. Pen. Code Ann. § 29.03 (Vernon 1994); and, (2) that in the event the State proved one prior felony conviction, the
punishment range would then be fifteen to ninety-nine years, or life. Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2002). 
Appellant was admonished, in writing, only that the punishment range was fifteen to ninety-nine years, or life, and a
possible fine, not to exceed $10,000. Therefore, the trial court failed to fully admonish appellant in the present case. 
However, when providing a defendant with the statutory admonitions, "substantial compliance by the court is sufficient." 
Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989).

Appellant argues that the trial court's admonishment did not substantially comply with the requirements of article 26.13. 
See id. Whether the given admonishments are in substantial compliance with the required warnings is an issue that should
be considered when the trial court has addressed the admonishment in some form or fashion. Cain v. State, 947 S.W.2d
262, 267 (Tex. Crim. App. 1997). When the record shows that the trial court gave an admonishment that was incomplete,
substantial compliance is attained and there is a prima facie showing of a knowing and voluntary plea of guilty or no
contest. Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d 227, 235 (Tex.
App.-Corpus Christi 2001, no pet.).

In the present case, appellant was admonished that he faced a punishment range of fifteen to ninety-nine years, or life. 
Appellant argues only that the trial court should have also admonished him that the range of punishment of the unenhanced
offense was life or five to ninety-nine years. Consequently, we find that the trial court's admonishments attained a level of
substantial compliance with the required admonishments. Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989).

A finding that a defendant was duly admonished creates a prima facie showing that a guilty plea was entered knowingly
and voluntarily. Gibauitch, 688 S.W.2d at 871. A defendant may still raise the claim that his plea was not voluntary;
however, the burden shifts to the defendant to demonstrate that he did not fully understand the consequences of his plea
such that he suffered harm. Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon 1989); Gibauitch, 688 S.W.2d at 871. 
Appellant does not point us to any evidence which shows that he did not fully understand the consequences of his plea; we,
nevertheless, review the whole record to determine whether appellant has met his burden. Martinez v. State, 981 S.W.2d
195, 197 (Tex. Crim. App. 1998).

The trial court provided appellant with a written admonishment which stated that the range of punishment for the offense
was fifteen to ninety-nine years, or life, and a possible fine not to exceed $10,000. Appellant acknowledged that he
understood the court's admonition and the consequences of pleading no contest. At the plea hearing, the trial court again
inquired of appellant whether he understood the range of punishment and whether his lawyer had explained same to him, to
which the appellant answered, "yes, sir." Appellant then pleaded no contest to the primary offense, pleaded "true" to the
enhancement allegation, and advised the court that these pleas were made freely and voluntarily. During closing arguments
at the sentencing hearing, the State recommended that appellant receive a sentence of thirty years. Appellant's trial counsel
responded by requesting that the court assess the minimum term for the enhanced offense, fifteen years. Appellant's
counsel then explained the sentencing range to the court, as follows:

And we're at 15, Judge. Statutory-wise, that's the lowest you or the jury could go because it's a first degree offense that he's
pleading no contest to and he's being enhanced by a prior. So the lowest is 5 and it raises up to 15 in this situation.

Appellant received the sentence he requested: fifteen years. Upon review of the record, we find appellant made no showing
that he pleaded no contest without understanding the consequences of his plea. Additionally, appellant has made no
showing that he has suffered any harm. Accordingly, we conclude appellant's plea was not involuntary on this basis. 
Appellant's sole issue is overruled.

We affirm the judgment of the trial court.

 

_____________________

ROGELIO VALDEZ

Chief Justice



Do Not Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 7th day of March, 2002.