COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-530-CR
 
ELMER RAY JORDAN, JR.
                                                       
   APPELLANT
V.
THE STATE OF TEXAS
                                                              
    STATE
------------
FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
------------
OPINION
------------
I. Introduction
        On December
10, 2000, the Denton County Narcotics Task Force was conducting bus
interdictions at the bus terminal in Denton County. During one interdiction on
that date, appellant Elmer Ray Jordan, Jr. was arrested after his consent to
being patted down by Officer Mike Martin led to the discovery of 988.76 grams of
cocaine. Appellant was charged with and pleaded guilty to possession of a
controlled substance with intent to deliver and pleaded not true to two prior
felony enhancement paragraphs. The jury found appellant guilty of the primary
offense, found the enhancement paragraphs true, and sentenced appellant to life
in prison.
        In four
points, appellant argues that: (1) the trial court erred by failing to admonish
him of the entire range of punishment; (2) there was no evidence to prove that
the second prior felony conviction in the enhancement paragraph of the
indictment was for an offense committed after the first prior felony conviction
became final; (3) he was denied the effective assistance of counsel as a result
of his trial attorney's failure to object to an improper punishment charge and
to file a motion to suppress; and (4) he was denied his constitutional right
against self-incrimination when the trial court failed to admonish him of his
Fifth Amendment right before he testified at punishment. We reverse and remand
for a new trial on punishment.
II. Admonishment of Proper Punishment Range
In his first
point, appellant argues that the trial court erred in failing to admonish him of
the entire range of punishment, violating his constitutional rights and article
26.13 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon 1989 & Supp. 2003). The range of punishment for possession of a
controlled substance with intent to deliver, enhanced by two prior felony
convictions, is twenty-five to ninety-nine years to life in prison. Tex. Penal
Code Ann. § 12.42(d) (Vernon 2003); Tex. Health & Safety Code Ann. §
481.112(f) (Vernon 2003). Before trial, appellant was admonished in writing of
the proper range of punishment for possession of a controlled substance with
intent to deliver, enhanced by two prior felony convictions. The written
admonishments signed by appellant informed him that the punishment range for
possession of a controlled substance with intent to deliver is "life or for
any term of not more than 99 years or less than 15 years" and that "a
fine may be imposed not to exceed $250,000.00." The written admonishments
also informed appellant that "[w]ith 2 enhancements the
punishment range" is imprisonment for "life, or for any term of not
more than 99 years or less than 25 years." Appellant signed the
admonishments, stating he understood the punishment range and the consequences
of pleading guilty. See Tex. Code Crim. Proc. Ann. art. 26.13(d)
(stating admonishments may be given in writing). The written admonishments were
incomplete, however, because they failed to inform appellant regarding the range
of punishment for possession of a controlled substance with intent to deliver,
enhanced by only one prior felony conviction. See Gonzalez v. State,
746 S.W.2d 902, 904 (Tex. App.--Corpus Christi 1988, no pet.) ("When a
defendant pleads guilty to an indictment that alleges prior convictions for
enhancement purposes, the accused should be admonished of the full range of
punishment available through enhancement.").
        Before
accepting appellant's guilty plea, the trial court informed appellant in open
court that the range of punishment was fifteen to ninety-nine years to life in
prison with an optional fine up to $250,000. Appellant stated he understood the
charges against him, the punishment range, and the consequences of his plea, and
then he pleaded guilty to the primary offense. The trial court did not orally
admonish appellant regarding the range of punishment for the primary offense
enhanced by one or two prior felony convictions. As a result, the trial court's
oral admonishments were also incomplete.
        Although
the written and oral admonishments were incomplete, the trial court
substantially complied in informing appellant of the proper punishment range. See
Gonzalez, 746 S.W.2d at 904 ("[W]here the record indicates that the
defendant received an admonishment with respect to punishment, although not a
complete one, there is a prima facie showing that the plea of guilty was
knowingly and voluntarily made."). Thus, there is a prima facie showing of
a knowing and voluntary plea, and the burden shifts to appellant to prove that
he did not understand the consequences of his plea such that he suffered harm. See
Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985); Dorsey
v. State, 55 S.W.3d 227, 235 (Tex. App.--Corpus Christi 2001, no pet.).
Appellant has failed to demonstrate this fact. Accordingly, we overrule
appellant's first point.
III. Proof of Enhancement Allegations
        In
appellant's second point, he argues there was no evidence to prove that the
second prior felony conviction in the enhancement paragraph was for an offense
committed after the first prior felony conviction became final, as required by
section 12.42(d) of the penal code. Tex. Penal Code Ann. § 12.42(d); see
also Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000) ("When
reviewing the legal sufficiency of the evidence [at punishment], we view all the
evidence in the light most favorable to the verdict to see whether any rational
fact-finder could find the essential elements of the crime beyond a reasonable
doubt."). The State concedes that there was no evidence showing that the
second felony was committed after the first prior felony conviction became
final. The State argues, however, that appellant did not suffer harm as a result
of this lack of evidence because the jury assessed punishment at life,
indicating a desire not to punish in the low range of punishment. Thus,
according to the State, it is doubtful that the jury would have assessed a
lighter punishment had it found the second enhancement offense not true. Not
only do we find this reasoning unconvincing, but we do not believe that a harm
analysis is appropriate in this context.
        The
State had the burden to prove beyond a reasonable doubt that appellant committed
the primary offense, as well as the two enhancement offenses, as alleged in the
indictment. See Ex parte Augusta, 639 S.W.2d 481, 484-85 (Tex. Crim.
App. 1982), overruled on other grounds, Bell v. State, 994
S.W.2d 173 (Tex. Crim. App. 1999); Williams v. State, 980 S.W.2d 222,
226 (Tex. App.--Houston [14th Dist.] 1998, pet. ref'd). The State
admits that it failed to prove that appellant committed the second previous
felony offense after his conviction for the first previous offense became final,
but argues that a harm analysis should be conducted. Tex. Penal Code Ann. §
12.42(d). While some courts of appeals have conducted a harm analysis after
determining that insufficient evidence existed under these circumstances, the
Texas Court of Criminal Appeals has not. Compare Williams v. State, 837
S.W.2d 759, 764 (Tex. App.--El Paso 1992, no pet.) (determining harm existed
where State failed to prove that second offense occurred after first); Patterson
v. State, 723 S.W.2d 308, 316 (Tex. App.--Austin 1987) (same), aff'd on
other grounds, 769 S.W.2d 938 (Tex. Crim. App. 1989), with McCrary v.
State, 604 S.W.2d 113, 116 (Tex. Crim. App. 1980) (reversing and remanding
for new trial where no evidence that second enhancement offense occurred after
first; no harm analysis conducted); Williams v. State, 596 S.W.2d 903,
904 (Tex. Crim. App. 1980) (same); Hickman v. State, 548 S.W.2d 736,
737 (Tex. Crim. App. 1977) (same); see also Johnson v. State, 784
S.W.2d 413, 414-15 (Tex. Crim. App. 1990) (reversing and remanding where State
failed to prove that one of the enhancement offenses had become final; no harm
analysis conducted).
        Although
the State recognizes that the court of criminal appeals in "earlier"
cases similar to this one has not conducted a harm analysis, the State, relying
on Ford v. State, contends that error connected to a statutory
violation must be evaluated for harm. 73 S.W.3d 923, 924 (Tex. Crim. App. 2002).
The court in Ford, however, applied a harm analysis to the trial
court's failure to conduct a jury shuffle as required by statute. Id.
In this case, we are confronted with the State's failure to meet its evidentiary
burden of proof, not trial court error. Because the State failed to meet its
evidentiary burden of proof, there was legally insufficient evidence to support
the jury finding that appellant committed the second enhancement offense after
his conviction for the first enhancement offense became final.(1)
Thus, we sustain appellant's second point.
IV. Ineffective Assistance of Counsel
        In
appellant's third point, he raises two arguments. His first argument raises
potential error at punishment. In light of our disposition of point two,
however, a new punishment hearing will be required, making it unnecessary for us
to address this part of point three. See Tex. R. App. P. 47.1. In the
second part of point three, however, appellant contends his attorney was
ineffective for failing to file a motion to suppress the seized cocaine. Because
this complaint raises potential error that could have affected the
guilt-innocence phase of trial, we shall address it.
        An
appellant claiming ineffective assistance for failure to file a motion to
suppress is required to prove that the motion would have been granted. Jackson
v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); LaFleur v. State,
79 S.W.3d 129, 137 (Tex. App.--Texarkana 2002, no pet.). The record in this case
shows that appellant consented to a pat down of his person during a police bus
interdiction at a bus station in Denton County. Plain-clothes officers conducted
the interdiction. They were not displaying guns or badges. Officer Michael
Martin entered the bus, went to the back of it, and began making contact with
the passengers, asking them in a nonthreatening manner if they would mind
talking to him. Although Officer Martin testified that the passengers were free
to leave at any time and that the officers left the aisle open, there is no
evidence that Officer Martin informed any of the passengers that they could
refuse to talk to the officers. Officer Martin eventually made his way to
appellant. After informing appellant that he was a police officer and displaying
his badge to appellant, Officer Martin asked appellant if he minded talking to
him. While talking to appellant, Officer Martin noticed that appellant's hands
were shaking and saw a square bulge in front of appellant's pants, which, based
on Officer Martin's training and experience, looked like contraband. Officer
Martin then asked appellant if he could pat him down, and appellant agreed. As
Officer Martin felt the ends of the square bulge, appellant stated, "You
got me, man." Appellant was escorted off the bus, and the bulge was later
determined to be cocaine.
        Random
suspicionless questioning of bus passengers on a bus at a bus station is not a
per se violation of the passengers' Fourth Amendment rights. Florida v.
Bostick, 501 U.S. 429, 439-40, 111 S. Ct. 2382, 2388-89 (1991); State
v. Hernandez, 64 S.W.3d 548, 550 (Tex. App.--Texarkana 2001, no pet.). When
a defendant voluntarily consents to a search, that search is legal. Harris
v. State, 994 S.W.2d 927, 930 (Tex. App.--Waco 1999, pet. ref'd). But if a
reasonable person under the circumstances would not feel free to leave or to
deny consent, then the search is illegal. See State v. Velasquez, 994
S.W.2d 676, 678 (Tex. Crim. App. 1999) ("[I]ssue is 'whether the police
conduct would have communicated to a reasonable person that the person was not
free to decline the officers' requests or otherwise terminate the encounter.
[The test] applies to encounters that take place on a city street or in an
airport lobby, and it applies equally to encounters on a bus.'") (quoting Bostick,
501 U.S. at 439-40, 111 S. Ct. at 2389)). The officers are not required to
advise a suspect of the right to refuse consent to a search. Velasquez,
994 S.W.2d at 679; Hernandez, 64 S.W.3d at 551.
        Based
on the evidence available, we conclude that a motion to suppress would not have
been successful. See Hernandez, 64 S.W.3d at 552. The police
entered the bus at a bus station. See id. Once on the bus, the police
did not intimidate the passengers. See id. They were in plain clothes,
and their guns were not showing. See id. Only Officer Martin
interviewed appellant, and there is no evidence suggesting that Officer Martin
coerced appellant into cooperating, intimated that appellant had to cooperate,
or prevented appellant from leaving. See id. Appellant then consented
to the pat down. See id. Consequently, we hold appellant's trial
counsel was not ineffective for failing to file a motion to suppress. We
overrule that portion of point three regarding counsel's failure to file a
motion to suppress.
V. Conclusion
        Generally,
when there is legally insufficient evidence to support a conviction as alleged
in the indictment, we reverse and render the judgment that should have been
rendered. See Tex. R. App. P. 43.2(c), 51.2(d); Burks v. United
States, 437 U.S. 1, 16-18, 98 S. Ct. 2141, 2150-51 (1978); Greene v.
Massey, 437 U.S. 19, 24-25, 98 S. Ct. 2151, 2154-55 (1978); Clewis v.
State, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996). We do not determine
whether harm occurred. In this case, however, only the jury's decision on
punishment is affected by the lack of evidence regarding when the second
enhancement offense was committed. Thus, we will reverse the judgment and remand
for a new trial on the issue of punishment only.(2) 
Cf. Tex. Code Crim. Proc. Ann. art. 44.29(b) (Vernon Supp. 2003)
("If the court of appeals . . . awards a new trial to a defendant . . .
only on the basis of an error or errors made in the punishment stage of
trial, the cause shall stand as it would have stood in case the new trial had
been granted by the court below, except that the court shall commence the new
trial as if a finding of guilt had been returned and proceed to the punishment
stage of trial.") (Emphasis added); Dixon v. State, 932 S.W.2d
567, 571 (Tex. App.--Tyler 1995, no pet.) (relying on article 44.29(b) and
holding that reversal and remand for new punishment was required where there was
insufficient evidence to support punishment due to lack of plea to enhancement
allegations). Because appellant's remaining arguments involve alleged error at
punishment, we do not need to address them as a result of our ruling on point
two. See Tex. R. App. P. 47.1.
        Having
determined that no error occurred at the guilt stage of trial, but holding that
there is insufficient evidence to support the jury's finding of true to the
second enhancement allegation, we reverse the trial court's judgment and remand
for a new trial on punishment.
 
                                                       
   PER CURIAM
 
PANEL F: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: June 5, 2003

1. In
support of its contention that no harm occurred, the State refers us to evidence
of appellant's other criminal convictions, which were admitted at punishment but
not alleged in the indictment, to support its conclusion that the jury might
have still sentenced appellant to life even in the absence of proof that the
second enhancement offense was committed after appellant's conviction for the
first became final. This evidence,
however, does not prove the enhancement allegation, and it should not be used to
justify a punishment that might have been different had the jury properly found
the second enhancement allegations not true. Furthermore, even if we were to
apply a harm analysis, it is impossible to know for certain how the jury would
have sentenced appellant had there only been a finding of true to the first
enhancement allegation, even with the admission of evidence of other prior
offenses.
2. Even if we were required to conduct a harm
analysis, based on the evidence before us, we cannot conclude, as the State
does, that the jury would not have sentenced appellant to less than life
imprisonment had only one prior enhancement offense been alleged and found true.
Moreover, the Texas Court of Criminal Appeals has previously reversed life
sentences under similar circumstances without addressing harm or the jury's
likelihood of reaching the same result in the absence of proof of when the
second enhancement offense was committed.  See Williams, 596
S.W.2d at 903-04 (reversing and remanding for new trial where defendant received
life sentence and there was no evidence that second enhancement offense was
committed after first enhancement offense); Kessler v. State, 514
S.W.2d 260, 261-62 (Tex. Crim. App. 1974) (reversing and reforming life sentence
to twelve years' imprisonment where no evidence that second enhancement offense
was committed after first enhancement offense).