NO. 12-01-00268-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS



MICHAEL ANTHONY RHODES,
§
 APPEAL FROM THE 294TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 VAN ZANDT COUNTY, TEXAS






MEMORANDUM OPINION


 Michael Anthony Rhodes ("Appellant") appeals his conviction of unlawful possession of a
firearm by a felon, for which he was sentenced to imprisonment for five years. Appellant raises
sixteen issues on appeal. We affirm.


Background

 On or about May 7, 1973, Appellant was convicted of murder. Subsequent to the satisfaction
of the terms of his sentence, Appellant purchased a 12-gauge shotgun. (1) On September 25, 1995,
Appellant traveled to property (the "property") owned by John McNally, a friend of Appellant's
acquaintance, William Smiley ("Smiley"). (2) While on the property, Appellant fired the 12-gauge
shotgun he had purchased, as well as an SKS assault rifle and a .22 caliber rifle. That same day, a
fisherman on the public waterway adjacent to the property suffered a fatal gunshot wound. Game
Warden Joe Carter ("Carter"), accompanied by local law enforcement officers, entered the property
without a warrant, under suspicion that the shot that struck the fisherman had originated there. Upon
entering the property, Carter and other officers encountered a man on a tractor, who directed them
to the shooting range. The officers soon encountered Appellant, Smith, Smiley, and others. The
officers secured the area and discovered several firearms, including two SKS assault rifles, a 12-gauge shotgun, a pistol and a .22 caliber rifle. Appellant traveled to the Canton Police Department
where he gave a written statement. (3)

 Appellant was subsequently charged with unlawful possession of a firearm by a felon. 
Appellant initially pleaded "not guilty" and requested a trial by jury. Appellant filed a motion to
suppress statements he made at the scene and the written statement he gave at the Canton Police
Department. Following an evidentiary hearing, the trial court overruled Appellant's motion to
suppress his written statement. Appellant subsequently changed his plea to "no contest" and waived
his right to a trial by jury. During the ensuing bench trial, Appellant was admonished, waived his
Fifth Amendment rights, and testified in his defense. Smiley, Smith, and Carter also testified. 
Ultimately, the trial court found Appellant guilty as charged and sentenced him to imprisonment for
five years.


Evidentiary Sufficiency

 In issues one, two, three, four, five, six, eight, nine, ten and eleven, Appellant argues that the
evidence is neither legally nor factually sufficient to support the trial court's finding of guilt. 

Legal Sufficiency

 Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.- San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871 S.W.2d at
186. A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing
court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed. 2d 652
(1982).

 The Texas Penal Code provides in pertinent part as follows:


 A person who has been convicted of a felony commits an offense if he possesses a firearm: 


 (1) after conviction and before the fifth anniversary of the person's release from confinement
following conviction of the felony or the person's release from supervision under community
supervision, parole, or mandatory supervision, whichever date is later; or 


 (2) after the period described by Subdivision (1), at any location other than the premises at which
the person lives.


Tex. Pen. Code Ann. § 46.04(a) (Vernon 2003). (4) "Possession" means actual care, custody, control,
or management. Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon 2003).

 In the instant case, Smiley testified he, Appellant, and others were on property owned by John
McNally at the time in question. Appellant stipulated that he had previously been convicted of
murder in 1973. Appellant testified that he owned a 12-gauge shotgun and that he intentionally and
knowingly transported the shotgun from his house to the property. Appellant further testified that
he fired the shotgun, an SKS assault rifle, and a .22 rifle on the day in question. (5) In her testimony,
Smith confirmed that Appellant owned a shotgun and that she and Appellant had traveled to the
property with Smiley on the day in question. We conclude that the evidence is legally sufficient to
support the trial court's finding of guilt.

Factual Sufficiency

 Turning to Appellant's contention that the evidence is not factually sufficient to support the
trial court's finding of guilt, we must first assume that the evidence is legally sufficient under the
Jackson standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then
consider all of the evidence in the record related to Appellant's sufficiency challenge, not just the
evidence which supports the verdict. We review the evidence weighed by the trier of fact which
tends to prove the existence of the elemental fact in dispute, and compare it to the evidence which
tends to disprove that fact. Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We
are authorized to disagree with the fact-finder's determination, even if probative evidence exists
which supports the verdict. Clewis, 922 S.W.2d at 133. Our evaluation should not substantially
intrude upon the trial court's role as the sole judge of the weight and credibility of witness testimony. 
See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the trial court's finding on
such matters is generally regarded as conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex.
App.-El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak
as to undermine our confidence in the trial court's determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1,
11 (Tex. Crim. App. 2000). A verdict will be set aside "only if the evidence supporting guilt is so
obviously weak, or the contrary evidence so overwhelmingly outweighs the supporting evidence, as
to render the conviction clearly wrong and manifestly unjust." Ortiz v. State, 93 S.W.3d 79, 87 (Tex.
Crim. App. 2002). 

 Our review of the record in the instant case, with consideration given to all of the evidence,
both for and against the trial court's finding, has not revealed to us any evidence that causes us to
conclude that the proof of guilt is so obviously weak or is otherwise so greatly outweighed by
contrary proof so as to render Appellant's conviction clearly wrong or manifestly unjust. Therefore,
we hold that the evidence is both legally and factually sufficient to support the trial court's verdict. 
Appellant's issues one, two, three, four, five, six, seven, (6) eight, nine, ten and eleven are overruled.


Motion to Suppress and the Doctrine of Curative Admissibility

 In issues twelve, thirteen, fourteen, and fifteen, Appellant argues that the trial court erred in
refusing to overrule his motion to suppress his oral statements made to law enforcement at the scene
as well as his written statement made at the Canton Police Department. Specifically, Appellant
argues that such statements were taken in violation of his rights pursuant to the Fourth, Fifth, and
Fourteenth Amendments to the United States Constitution. Appellant also argues that evidence
seized at the scene was seized in violation of his constitutional rights. Under the doctrine of curative
admissibility, the admission of improper evidence cannot be asserted as grounds for reversal on
appeal where the defendant, on direct examination, gives testimony establishing the same facts as
those to which an objection was raised. See Rodriguez v. State, 919 S.W.2d 136, 138 (Tex.
App.-San Antonio 1995, no pet.) (citing Thomas v. State, 572 S.W.2d 507, 513 (Tex. Crim. App.
1976); Aguirre v. State, 683 S.W.2d 502, 509 (Tex. App.-San Antonio 1984, pet. ref'd)). In the
case at hand, Appellant's testimony under direct examination established facts consistent with the
facts he previously sought to suppress. Therefore, we hold that Appellant has waived such issues
on appeal. See Rodriguez, 919, S.W.2d at 138. Appellants issues twelve, thirteen, fourteen, and
fifteen are overruled.

Admonishment 

 In issue sixteen, Appellant argues that the trial court committed reversible error when it
accepted Appellant's change of plea from "not guilty" to "no contest" and released the jury without
admonishing Appellant of the potential effect or consequences of his change of plea or the range of
punishment. In one sentence, with no citation to the record, the State responds that "the trial court
did fully admonish Appellant." 

 Texas Code of Criminal Procedure article 26.13(a)(1) requires a trial judge to admonish a
defendant about the punishment range attached to an offense before accepting a plea of guilty or nolo
contendere. Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon Supp. 2003); Grays v. State, 
888 S.W.2d 876, 878 (Tex. App.- Dallas 1994, no pet.). A trial court's complete failure to admonish
a defendant on the range of punishment requires reversal without regard to whether the defendant
has shown harm. See Ex parte McAtee, 599 S.W.2d 335, 335 (Tex. Crim. App. 1980), overruled
on other grounds, Ex parte Tovar, 901 S.W.2d 484, 486 n.2 (Tex. Crim. App. 1995); Gonzales v.
State, 746 S.W.2d 902, 904 (Tex. App.-Corpus Christi 1988, no pet.). Nevertheless, when the
record reflects that the trial judge admonished the defendant under article 26.13(a)(1), even if the
admonishment is incomplete or incorrect, and the punishment assessed is within the actual and stated
range for the offense, there is a prima facie showing that the defendant's plea was knowing and
voluntary. See Hughes v. State, 833 S.W.2d 137, 140 (Tex. Crim. App.1992); Robinson v. State,
739 S.W.2d 795, 801 (Tex. Crim. App. 1987); Gonzales, 746 S.W.2d at 904. Once a prima facie
showing is made, the burden shifts to the defendant to show he was unaware of the consequences
of his plea and that he was misled or harmed by the trial court's admonishment. See Tex.Code
Crim. Proc. Ann. art. 26.13(c) (Vernon Supp. 2003); Grays, 888 S.W.2d at 878.

 Here, the record reflects that the trial the court sought to admonish Appellant and discussed
matters such as Appellant's right to a trial by jury, Appellant's right to appeal following a "no
contest" plea, Appellant's right to be represented by an attorney on appeal, whether or not Appellant
had ever had problems with mental illness, whether Appellant believed himself to be mentally
competent, whether Appellant believed he would be pardoned based on his plea, potential
ramifications that might result from Appellant's plea under civil law, and that the trial court would
treat a plea of "no contest" the same as a guilty plea. Moreover, the record reflects that Appellant
was admonished as to the range of the punishment attached to the offense. The trial court further
confirmed that Appellant was a citizen of the United States. We hold that the trial court properly
admonished Appellant. Appellant's issue sixteen is overruled.

Conclusion

 Having overruled Appellant's issues one, two, three, four, five, six, seven, eight, nine, ten,
eleven, twelve, thirteen, fourteen, fifteen, and sixteen, we affirm the trial court's judgment.

 JAMES T. WORTHEN 

 Chief Justice

Opinion delivered September 30, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(DO NOT PUBLISH)
1. The record reflects that Appellant received a shotgun from an acquaintance in satisfaction of a debt owed
to Appellant. Believing that the barrel of the shotgun was too long for a home-defense weapon, Appellant traded it
at a gun show for the 12-gauge shotgun in question. In conjunction with his acquisition of the shotgun in question,
Appellant filled out a form in which he stated, at the urging of the seller, that he was not a convicted felon.
2. Appellant's girlfriend, Sandra Smith ("Smith"), accompanied Appellant to the property.
3. The record reflects that prior to giving his written statement, Appellant waived his rights under Miranda
v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).
4. Section 46.04 has been amended since Appellant's conviction, but the elements of the offense as set forth
in subsection (a) remain unchanged. See Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan 1, 1974. Renumbered
from V.T.C.A., Penal Code § 46.05 and amended by Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994.
5. Appellant testified that the shotgun, the SKS assault rifle and the .22 rifle, were all firearms.
6. In his issue six, Appellant argues that the evidence supporting his conviction, if any, was overcome by the
recognized defense that he was engaged in a lawful sporting activity. Appellant has cited no authority supporting
that such a defense exists to the crime of unlawful possession of a firearm by a felon, nor are we aware of any such
authority supporting such a defense to the offense at issue. Similarly, in his issue seven, Appellant argues that the
trial court erred because it failed to instruct the jury as to such a defense. Even had Appellant cited authority
supporting that such a defense was applicable to the crime with which he was charged, we cannot overlook the fact 


Footnote continued.


that Appellant's case was ultimately tried before the court, not a jury. Appellant's issue seven is overruled.